UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
In re                                                       :
                                                            :   **MEMORANDUM**
                                                            :   **DECISION AND ORDER**
    ALDEN BANNIETTIS,                    :
                                                            :   12 mc 420 (BMC)
an attorney admitted to practice before this                :
Court,                                                      :
                                                            :
                    Respondent.   :
                                                            :
----------------------------------------------------------- X

**BEFORE THE GRIEVANCE COMMITTEE OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK**

Respondent has moved for a stay of this Committee's Order entered July 9, 2012, which disbarred respondent from practicing before this Court. The Order was based upon the reciprocal recognition of a disbarment order entered by the Appellate Division, Second Department, dated April 30, 2012. The Second Department's disbarment order, in turn, was entered after a hearing before a Special Referee who found a pattern of misconduct. For the reasons set forth below, respondent's motion is denied.

### BACKGROUND

In numerous cases in the New York City Civil Court, Queens County, respondent filed motion papers that differed in content from the motion papers that he served on his adversary in each proceeding. Ultimately, the Civil Court conducted a consolidated hearing on sanctions and concluded that respondent had deliberately served non-conforming motion papers on his adversaries, and had also deliberately filed false affidavits of service, in numerous cases. It imposed a sanction on him of $34,000. The Grievance Committee for the Tenth Judicial District

then obtained leave to commence disciplinary proceedings, and after a hearing before a Special Referee, which resulted in a report and recommendation, the Second Department disbarred respondent. In determining that disbarment was the appropriate disciplinary sanction for the misconduct, the Second Department held:

> In determining the appropriate measure of discipline to impose, we note that the respondent demonstrates no remorse and persists in blaming others for what he describes as harmless clerical errors. However, the sheer volume of documents at issue suggests otherwise and dispels respondent's arguments that he is innocent of conduct prejudicial to the administration of justice and/or conduct involving dishonesty, fraud, deceit or misrepresentation. His conduct goes to the very core of the judicial system.

In seeking to deny reciprocal recognition of the Second Department's order, respondent contends that he was denied due process of law in the Civil Court in making its determination that respondent had intentionally engaged in severe misconduct, and that the Second Department improperly applied collateral estoppel to the Civil Court's findings in imposing discipline. He claims principally that because the witnesses at the hearing in the Civil Court (apparently other lawyers who had received his non-conforming papers) were unsworn, and he was not permitted to cross-examine them, he was denied due process. Petitioner has moved for leave to appeal the Second Department's disbarment order to the Court of Appeals, and represents that this motion is pending.

## DISCUSSION

In determining whether to give reciprocal effect to a disbarment order of another court, we are to apply standard set forth in Local Rule 1.5(d). See In re Gouiran, 58 F.3d 54, 57 (2d Cir. 1995). That rule provides that an attorney seeking to avoid the imposition of reciprocal discipline needs to establish

> by clear and convincing evidence (i) that there was such an infirmity of proof of misconduct by the attorney as to give rise to the clear conviction that this court could not consistent with its duty accept as final the conclusion of the other court, or (ii) that the procedure resulting in the investigation or discipline of the attorney by the other court was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process, or (iii) that the imposition of discipline by this court would result in grave injustice.

Local Rule 1.5(d), in turn, is derived from the Supreme Court's decision in Selling v. Radford, 243 U.S. 46 (1917), where the Supreme Court, in considering the imposition of reciprocal discipline against a member of its own bar, determined that it would recognize other courts' disbarment orders

> unless, from an intrinsic consideration of the state record, one or all of the following conditions should appear: 1, That the state procedure, from want of notice or opportunity to be heard, was wanting in due process; 2, that there was such an infirmity of proof as to facts found to have established the want of fair private and professional character as to give rise to a clear conviction on our part that we could not, consistently with our duty, accept as final the conclusion on that subject; or 3, that some other grave reason existed which should convince us that to allow the natural consequences of the judgment to have their effect would conflict with the duty which rests upon us not to disbar except upon the conviction that, under the principles of right and justice, we were constrained so to do.

Id. at 50-51.

Respondent has failed to demonstrate grounds for declining recognition of the Second Department's Order under any evidentiary standard, let alone by clear and convincing evidence. At the outset, it should be noted that this Committee is not reciprocally recognizing the Civil Court's sanction order; it is recognizing the Second Department's disbarment order. As to the proceedings in the Second Department, there can be no question that respondent had notice and a full opportunity to be heard. He was specifically asked if he wanted to call witnesses, and he declined. His participation was limited but the record shows that this was solely the result of his

own choice.[1] His attack on the proceedings before the Special Referee amounts to nothing more than an effort to relitigate adverse evidentiary rulings, in which the Special Referee determined that some of his proffered evidence was not relevant because it neither pertained to the factual allegations against him nor did it relate to mitigation.

Even if we were basing our recognition on the Civil Court's findings, respondent has not demonstrated any infirmity in that process sufficient show a denial of due process or any injustice, let alone a grave injustice. As respondent himself stated to the Civil Court, when the judge told him she wanted him sworn, "An attorney is always under oath, your Honor." Both federal and state courts recognize that a sanctions hearing need not be a trial to comport with due process. See In re Stein, 127 F.3d 292, 295 (2d Cir. 1997), citing, Childs v. State Farm Mut. Auto. Ins. Co., 29 F.3d 1018, 1027 (5th Cir. 1994) ("Simply giving the individual accused of a Rule 11 violation a chance to respond through the submission of a brief is usually all that due process requires"); 22 N.Y. C.R.R. §130-1.1 (imposition of sanctions may be made "after a reasonable opportunity to be heard. The form of the hearing shall depend upon the nature of the conduct and the circumstances of the case."). Sanctions are often imposed based on the conduct that the Court has observed, the only constraint being that the attorney in question must have notice and an opportunity to explain why he should not be sanctioned. Indeed, the Second Circuit, when it imposes sanctions, most frequently does so based on the filings that have been made before it, without the need to call let alone swear attorney witnesses. See In re Smith, 645 F.3d 186, 191 (2d Cir. 2011) (raising issue of sanctions *sua sponte*, to be determined solely on

---

[1] Considering the nature of the charges against respondent, it is ironic that he has submitted an incomplete and somewhat one-sided record in support of his motion to this Committee. For example, while he has submitted the affidavit in opposition to his motion for leave to appeal to the Court of Appeals, he has omitted the crucial documents that were annexed to that opposition, such as the Report of the Special Referee or the transcript of those proceedings. He cannot meet the "clear and convincing" standard to avoid reciprocal recognition on the limited record he has submitted.

4

briefing by the parties). It seems to us that all the Civil Court needed to do to afford respondent due process was to compare the various motion papers as filed and as served, hear from respondent as to why there were significant differences, and reach a conclusion as to whether his conduct was merely negligent or deliberate. That is what it did.

Finally, we note that respondent's attack on the Second Department's use of collateral estoppel is to some degree beside the point. Even though respondent has only given us a partial record of the state court proceedings, it is clear that there were additional findings made by the Special Referee, and adopted by the Second Department, that were based upon a de novo review. The Second Department specifically noted in its disbarment order that

> The respondent was barred, based on the doctrine of collateral estoppel, from relitigating certain factual issues which arose from matters previously held before the Honorable Bernice D. Siegal. These issues were referred to the Special Referee to hear and report solely on the issue of mitigation. *The remaining factual issues raised in the petition* [for sanctions] *were referred to the Special Referee to hear and report.*

(emphasis added). There is no attempt by respondent to differentiate between the issues that were determined de novo from those that were determined by collateral estoppel, but it is certainly possible that these pertained to other instances of non-conforming motion papers that were not part of the consolidated proceedings before Judge Siegal. Since it is respondent's burden to show by clear and convincing evidence that the Second Department's order should not be reciprocally recognized, his failure to explain the de novo findings against him results in a lack of proof for his claims.

At bottom, respondent is attempting to relitigate the proceedings before the Civil Court and, to the unspecified extent upon which the Second Department relied on collateral estoppel, to

relitigate the applicability of that doctrine. Neither constitutes grounds for staying the Order of this Committee. Respondent is disbarred.

**SO ORDERED.**

                                          s/ BMC
                                _____
                                Brian M. Cogan, Chair

Dated: Brooklyn, New York
       August 3, 2012